AO 91 (Rev 11/11) Criminal Complaint　　　　　　　　　　　　　　　　　　　　C&W No 18-　AUSA Rotella

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No |
| | ) | 18-1668-M |
| JOSE CARRILLO | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __see attached affidavit__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 2252(a)(2) | Receipt of Child Pornography |

See Attachment A

This criminal complaint is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

*Complainant's signature*

Joshua Conrad, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/19/2018

City and state: Phila., PA L9106

*Judge's signature*

CAROL SANDRA MOORE WELLS, U S M J.
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joshua Conrad, a Special Agent (SA) with Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), assigned to the Special Agent in Charge in Philadelphia, PA and I have been so employed since April, 2016. Prior to that, I was assigned to the Special Agent in Charge in El Paso, Texas since October 2010. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to transportation of a minor in interstate commerce with the intent to engage in sexual activity, and interstate travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2252 and 2252A. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of numerous search warrants, a number of which involved child exploitation and/or child pornography offenses.

2. This affidavit is made in support of a criminal complaint charging JOSE CARRILLO with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

3. I am familiar with the information contained in this Affidavit based upon the investigation I have conducted, and based on my conversations with other law enforcement officers who have engaged in numerous investigations involving child exploitation, and with other witnesses.

4.      Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause in support if the attached criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause.

## STATUTORY AUTHORITY

5.      .As noted above, this investigation concerns alleged violations of Title 18, United States Code, Section 2252(a)(2) and (b)(1), which prohibits any person from knowingly receiving or distributing, or attempting or conspiring to receive or distribute, any visual depiction using any means or facility of interstate or foreign commerce, or that has been mailed or shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproducing any visual depiction for distribution using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce or through the mails, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

## BACKGROUND OF THE INVESTIGATION

6.      In October 2015, HSI agents in Phoenix, Arizona, began conducting undercover operations on an Internet-based video conferencing application used by persons interested in exchanging child pornography and/or sexually abusing children. This application is hereinafter referred to as "Application A."[1]

---

[1] The actual name of "Application A" is known to law enforcement. "Application A" remains active and disclosure of the name of the application would potentially alert its users to the fact that law enforcement action is being taken against users of the application, thereby provoking users to notify other users of law enforcement action, flee, and/or destroy evidence. Accordingly, to protect the confidentiality and integrity of the ongoing investigation involved in

2

7. "Application A" is designed for video conferencing on multiple device formats. To use this application, a user downloads the application to a computer, mobile phone or other mobile device (e.g., tablet) via direct download from the company's website. Once downloaded and installed, the user is prompted to create an account. "Application A" users can invite others to an online meeting "room." During a meeting, users can show a live image or video of themselves to other users through the webcam feature. Users may also display the contents of their own computer desktops to the other users in the room. The ability to display their own computer desktops allows users to show videos and photos to other users in the room.

8. On October 2, 2017, at approximately 13:12 hours Arizona Time, an HSI agent located in Phoenix, Arizona, acting in an undercover capacity and using a device connected to the Internet, signed into an "Application A" user account and entered an "Application A" meeting room with a password. Within that room, the undercover agent observed that an "Application A" user displayed or streamed a video depicting child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, that were visible to the users in the room. The undercover agent viewed and recorded these child pornography videos, and other activity and message(s) in the room, and saved them to an undercover device. While recording the activity in the room, the undercover agent observed the following from an "Application A" user with the display name "ppervv" ("SUBJECT DISPLAY NAME"):

    a. At approximately 13:24 hours Arizona Time, "Application A" user with the display name "ppervv" ("SUBJECT DISPLAY NAME") began sharing his/her computer screen with the meeting room. The title of the video included the terms

---

this matter, specific names and other identifying factors have been replaced with generic terms and the application will be identified herein as "Application A"

3

BestOfBoyFuck_n Cum" (full title known to your Affiant but withheld from this search warrant to protect the ongoing investigation). Your Affiant also viewed this video and found it to be a compilation of pre-pubescent boys masturbating or being masturbated by other pre-pubescent boys or adults.

      b.      At approximately 13:25 hours Arizona Time, the "SUBJECT DISPLAY NAME" began sharing another video with the meeting room. The title of the video was similar to the first title (both know to your Affiant). The video is a compilation of pre-pubescent boys being penetrated anally by pre-pubescent boys and adult men. Your Affiant also viewed this video and found it to depict pre-pubescent boys performing oral sex on adult men and adult men ejaculating in their mouths. This video ran until approximately 13:39 hours Arizona Time.

9.      On March 1, 2018, at approximately 10:16 hours Arizona Time, an HSI agent located in Phoenix, Arizona, acting in an undercover capacity and using a device connected to the Internet, signed into an "Application A" user account and entered an "Application A" meeting room with a password. Within that room, the undercover agent observed that an "Application A" user displayed or streamed a video depicting child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, that were visible to the users in the room. The undercover agent viewed and recorded these child pornography videos, and other activity and message(s) in the room, and saved them to an undercover device. While recording the activity in the room, the undercover agent observed the following from an "Application A" user with the display name "KL" ("SUBJECT DISPLAY NAME"). Your Affiant has also viewed each of the videos and images, and describes them as follows:

4

a. At approximately 10:19 hours Arizona Time, "Application A" user with the display name "KL" ("SUBJECT DISPLAY NAME") began sharing his/her computer screen with the meeting room. The title of the video was, "Untitled(2).mp4." The video displayed a pre-pubescent female being penetrated by an adult male's finger. The camera is a close-up of the girl's vagina.

b. At approximately 10:20 hours Arizona Time, the "SUBJECT DISPLAY NAME" began sharing another video with the meeting room. The video displayed a naked female baby lying on a white sheet. An adult male penis is rubbing on the outside of the baby's vagina.

c. At approximately 10:20 hours Arizona Time, the "SUBJECT DISPLAY NAME" began sharing another video with the meeting room. The video displayed a baby in a onesie lying on his/her side while an adult male's penis is rubbed on the baby's face.

d. At approximately 10:20 hours Arizona Time, the "SUBJECT DISPLAY NAME" began sharing another video with the meeting room. The video displayed a child's hand masturbating an adult male's penis.

e. At approximately 10:21 hours Arizona Time, the "SUBJECT DISPLAY NAME" began sharing another video with the meeting room. The video displayed a naked pre-pubescent male being anally penetrated by an adult male, and concludes with the adult ejaculating in the boy's anus.

10. Administrative subpoenas for the subscriber information for the targetsw on "Application A" and IP addresses associated with the logins resolved back to the residence at 102 Oxford Road, Oxford, PA 19363, the home of JOSE CARRILLO.

11. On October 19, 2018 HSI executed a Federal search warrant at the residence of Jose CARRILLO, located at 102 Oxford Road in Oxford, PA 19363. HSI Special Agents (SA) advised CARRILLO that he was not under arrest and was free to leave, but could not interfere with the search warrant. CARRILLO agreed to speak with Agents regarding the investigation.

12. CARRILLO stated that he started looking at child sexual abuse material approximately two to three years ago. CARRILLO stated that he would use his Apple laptop and desktop to access "Application A".

13. Computer Forensics Analyst Christina Loughrin stated that on CARRILLO's desktop "Application A" was open on the desktop and displayed the username which was CARRILLO's email address, jc02111991@gmail.com.

14. CARRILLO stated that he would often smoke methamphetamines and then go on the internet to view child sexual abuse material. CARRILLO stated that he would view all kinds of child abuse material including boys and girls of all ages. CARRILLO stated that he would get aroused looking at the images and would masturbate to the child sexual abuse material.

15. CARRILLO stated that the youngest children he would masturbate to were kids approximately two years of age.

## CONCLUSION

16. Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that JOSE CARRILLO has committed violations of Title 18, U.S.C. § 2252(a)(2).

17. Therefore, I respectfully request that the attached warrant be issued authorizing the arrest of JOSE CARRILLO.

Respectfully submitted,

Joshua Conrad
Special Agent

Subscribed and sworn before me this 19th day of October 2018.

CAROL SANDRA MOORE WELLS
United States Magistrate Judge

## ATTACHMENT A

Count One - Receipt of Child Pornography - 18 U.S.C. § 2252(a)(2)

On or about March 2, 2018, in the Eastern District of Pennsylvania, defendant JOSE CARRILLO did knowingly receive visual depictions using a means or facility of interstate or foreign commerce (that is, the Internet) and in and affecting interstate and foreign commerce, which visual depictions showed minors engaged in sexually explicit conduct and the producing of those visual depictions involved the use of minors engaging in sexually explicit conduct. In violation of Title 18, United States Code, Section 2252(a)(2).